IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR LARA,** : | CIVIL ACTION NO. 1:08-CV-0333 |
| Plaintiff : | (Judge Conner) |
| v. : | |
| **CAPITAL RECOVERY ASSOCIATES,** : | |
| Defendant : | |

**ORDER**

AND NOW, this 28th day of August, 2008, upon consideration of the order of court (Doc. 5) dated August 14, 2008, which instructed plaintiff to file an affidavit confirming that more than twenty days have elapsed since service of the summons and complaint[1] and stated that failure to file such an affidavit would result in dismissal of the above-captioned matter for failure to prosecute, and it appearing that plaintiff has not complied with this order, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) of the Federal Rules of Civil Procedure as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to

---

[1] Summons were returned executed on March 21 and May 20, 2008, (see Docs. 3, 4); however, the court is unable to enter default against defendant absent an affidavit from plaintiff that twenty days have elapsed since service. See FED. R. CIV. P. 55(a); Nationwide Prop & Cas. Ins. Co. v. Janis, No. 08-0153, 2008 WL 2762375, at *2 (M.D. Pa. July 11, 2008).

deciding whether to dismiss for failure to prosecute), and the court finding that plaintiff was advised of the necessity of complying with the court's order and is personally responsible for failing to do so, see id. at 868 (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced defendants by failing to certify that defendants have received notice of the claims against them, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's failure to respond to the order of court dated August 14, 2008 (Doc. 5) constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that plaintiff's failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because no costs have yet accrued to defendant, see also Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), and that the merits of plaintiff's claims cannot be adjudicated absent service of the complaint, see id. at 689-70 (identifying "[m]eritoriousness of the claim" as a factor)[2], it is hereby ORDERED that:

---

[2] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

1. The claims against all defendants are DISMISSED with prejudice for failure to prosecute.  See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge